```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

ELEKTRA ENTERTAINMENT GROUP, INC., )
et al.,                            )
                                   )
              Plaintiffs,          )
                                   )
   v.                              )    No. 06 C 4781
                                   )
THOMAS CRANFORD SR.,               )
                                   )
              Defendant.           )
_____)
                                   )
ELEKTRA ENTERTAINMENT GROUP, INC., )
et al.,                            )
                                   )
              Plaintiffs,          )
                                   )
   v.                              )    No. 06 C 4782
                                   )
HENRY MENDIA,                      )
                                   )
              Defendant.           )
_____)
                                   )
ELEKTRA ENTERTAINMENT GROUP, INC., )
et al.,                            )
                                   )
              Plaintiffs,          )
                                   )
   v.                              )    No. 06 C 4789
                                   )
REGINA FOUNTAIN,                   )
                                   )
              Defendant.           )

## MEMORANDUM ORDER

This Court has just had assigned to its calendar the three captioned cases, each of which charges the named defendant with having violated plaintiffs' rights in connection with music recordings.  This memorandum order is issued sua sponte to require plaintiffs' counsel to cure a flaw in each Notification

of Affiliates - Disclosure Statement ("Notification") that accompanies its corresponding Complaint.

It is of course obvious that the requirement established by this District Court's LR 3.2 is to assist judges in determining, as required, whether they need to recuse themselves under 28 U.S.C. §455(b)(4)("Section 455(b)(4)"). In a federal-question case such as these three, of course it is unnecessary to ascertain the states of citizenship of the parties to establish the existence of subject matter jurisdiction, as must be done in diversity-of-citizenship cases. Instead the question is whether, despite a judge's knowledge that he or she has no financial interest in the actual plaintiff or defendant, the presence of a publicly held company affiliate may trigger the disqualification mandated by Section 455(b)(4).

That being the case, the present filings are inadequate because they have included, along with their proper identification of the affiliations of corporate parties, incomplete references to such entities as BeSo Holding LLC, Sony BMG Music Entertainment and Ariola Eurodisc LLC--entities as to which all of their constituent members must be identified. In the caselaw that addresses the like issue in the diversity context, see such cases as Carden v. Arkoma Assocs., 494 U.S. 185 (1990) and Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006).

Accordingly plaintiffs' counsel are ordered to file, on or before September 18, 2006, supplements to the several Notifications that fill in the gaps identified here. Although it seems unlikely that the entities referred to here pose a problem for this Court in Section 455(b)(4) terms, this is one area in which certainty rather than probability controls.

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: September 8, 2006